IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JAMES RANDY SCHOONOVER,**

        **Plaintiff,**

**v.**                                                    **Civil Action No. 2:19-386**
                                                         **Judge John T. Copenhaver, Jr.**

**CLAY COUNTY SHERIFF'S DEPARTMENT,**
**a division of the Clay County Commission;**
**CLAY COUNTY COMMISSION, a political**
**subdivision of Clay County, West Virginia;**
**MICHAEL PATRICK MORRIS, a deputy sheriff**
**of Clay County; and JONATHAN HOLCOMB,**
**a deputy sheriff of Clay County,**

        **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COME** the Defendants, Clay County Sheriff's Department; Clay County Commission; Michael Patrick Morris, in his individual capacity; and Jonathan Holcomb, in his individual capacity, by counsel, Wendy E. Greve, Drannon L. Adkins, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answers the Complaint filed by the Plaintiff herein, James Randy Schoonover (hereinafter "Plaintiff").

## GENERAL RESPONSE AND PREAMBLE

This responsive pleading has been prepared, served, and filed by counsel for these Defendants under the Federal Rules of Civil Procedure. As permitted by Rule 8(e)(2), defenses to the claims made in the Complaint are being asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of apparent

consistency and are based both on legal and equitable grounds.

As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure.  No discovery has been conducted to date in the above-captioned civil action.  In order to preserve important legal rights and protection, these Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Complaint, they believe does or may apply to some or all of the claims raised therein.   These Defendants reserve the right to withdraw, modify or amend some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

## ANSWER

1.      Paragraph 1 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

2.      Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint that he is a resident of Clay County, West Virginia, and is 65 years old. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 that Plaintiff had his left arm amputated on May 16, 2004 and, therefore, denies the same and demands strict proof thereof.

3.      Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

## FACTS

7.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

8.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

9.      Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

10.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

11.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

12.     Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, demands strict proof thereof.

13.     Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

15.     Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

16.     Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

17.     Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

19.     Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendants admit the allegation contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

23.    Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

24.    Defendants admit the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.    Defendants admit the allegations contained in paragraph 25 of Plaintiff's Complaint that Plaintiff went inside the residence. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 25 and, therefore, denies the same and demands strict proof thereof.

26.    Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

27.    Defendants admit the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.    Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

29.    Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

30.    Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

31.    Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

32.    Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

43.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 43 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

44.     Paragraph 44 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## FIRST CAUSE OF ACTION

## (42 U.S.C. §1983 – Excessive Force)

46.     Paragraph 46 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

49.     Paragraph 49 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

50.     Paragraph 50 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

53.     Defendants deny the statements and allegations contained in sub paragraphs A through E of paragraph 53 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

54.     Paragraph 54 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

55.     Paragraph 55 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

### SECOND CAUSE OF ACTION

### (42 U.S.C. §1983 – Cruel and Unusual Punishment)

57.     Paragraph 57 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

58.     Paragraph 58 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

59.     Paragraph 59 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

61.     Defendants deny the statements and allegations contained in sub paragraphs A through E of paragraph 61 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

64.     Paragraph 64 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

### THIRD CAUSE OF ACTION

### (State Constitutional Violations)

66.     Paragraph 66 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

67.     Paragraph 67 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

68.     Paragraph 68 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

69.     Defendants deny the allegations contained in paragraph 69 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

70.     Defendants deny the allegations contained in paragraph 70 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

71.     Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

72.     Defendants deny the statements and allegations contained in sub paragraphs A through E of paragraph 72 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

73.     Paragraph 73 of Plaintiff's Complaint states a legal conclusion, rather than allegations of fact, and, therefore, do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

74.     Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

## FOURTH CAUSE OF ACTION

### (Negligence)

75.     Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

76.     Defendants deny the statements and allegations contained in sub paragraphs A through E of paragraph 76 of Plaintiff's Complaint and, therefore, demand strict proof thereof.

### FIRST DEFENSE

Defendants deny that the Plaintiff is entitled to the relief requested.

### SECOND DEFENSE

Defendants assert the defenses of insufficiency of process and service of process to the extent any of the following affirmative defenses are applicable based upon the evidence adduced in these matters Defendants assert contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, res judicata, collateral estoppel, and any other matter constituting avoidance or an affirmative defense.

### THIRD DEFENSE

Defendants assert and preserve immunities and defenses contained in W.Va. Code 29-12A-1 et seq.

### FOURTH DEFENSE

The damages of which Plaintiff complains were caused by the acts or act of others.

**FIFTH DEFENSE**

No custom, usage, policy or practice of these Defendants caused a deprivation of Plaintiff's rights.

**SIXTH DEFENSE**

Defendants raise and preserve the defenses of self-defense and defense of others.

**SEVENTH DEFENSE**

Defendants deny that they are liable individually to the Plaintiff for the claims asserted in this civil action.

**EIGHTH DEFENSE**

Defendants raise and preserve the statute of limitations.

**NINTH DEFENSE**

Defendants assert that they are entitled to qualified and/or good faith immunity from liability because Defendants acted lawfully in all actions taken by them with regard to the Plaintiff and with probable cause and in the good faith performance of their duties. Defendants deny that they acted in in violation of Plaintiff's Constitutional rights and further deny that they acted willfully, intentionally, or in callous disregard to the Plaintiff's Constitutional rights or that they in any way denied Plaintiff due process of law.

**TENTH DEFENSE**

Defendants are entitled to qualified and/or good faith immunity from liability because the conduct of the Defendants, at all times relevant hereto, did not violate any

clearly established statutory or constitutional rights of the Plaintiff of which a reasonable person should have known.

## ELEVENTH DEFENSE

Defendants enjoy absolute immunity from liability in this civil action.

## TWELFTH DEFENSE

Defendants specifically assert all common law, statutory and constitutional immunities afforded them under State and Federal law.

## THIRTEENTH DEFENSE

Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserve the right to raise such additional defenses as may appear appropriate following further factual development in this case.

## FOURTEENTH DEFENSE

Defendants did not breach any duty that they owed to the Plaintiff.

## FIFTEENTH DEFENSE

Defendants are immune from liability as, at all times relevant hereto, they acted within the good faith performance of their official duties.

## JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered or otherwise responded to the Plaintiff's Complaint, Defendants pray that the Plaintiff's Complaint be dismissed and held for naught; that Plaintiff recover nothing from Defendants; that Defendants recover their costs, expenses of suit and a reasonable attorney's fee made necessary in defending said Plaintiff's Complaint; and, for such other relief, whether legal or equitable in character, as to which the Defendants appear entitled.

**CLAY COUNTY SHERIFF'S DEPARTMENT; CLAY COUNTY COMMISSION; MICHAEL PATRICK MORRIS, in his individual capacity; and JONATHAN HOLCOMB, in his individual capacity**
By Counsel,


*/s/ Drannon L. Adkins*
Wendy E. Greve, WV State Bar No. 6599
Drannon L. Adkins, WV State Bar No. 11384


**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile:   (304) 342-1545
E-Mail:  wgreve@pffwv.com; dadkins@pffwv.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**JAMES RANDY SCHOONOVER,**

      **Plaintiff,**

**v.**                                                                                  **Civil Action No. 2:19-386**
                                                                                        **Judge John T. Copenhaver, Jr.**

**CLAY COUNTY SHERIFF'S DEPARTMENT,**
**a division of the Clay County Commission;**
**CLAY COUNTY COMMISSION, a political**
**subdivision of Clay County, West Virginia;**
**MICHAEL PATRICK MORRIS, a deputy sheriff**
**of Clay County; and JONATHAN HOLCOMB,**
**a deputy sheriff of Clay County,**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, Clay County Sheriff's Department; Clay County Commission, Michael Patrick Morris, and Jonathan Holcomb, do hereby certify on this 21st day of June, 2019, that a true copy of the foregoing ***"Defendants' Answer to Plaintiff's Complaint"*** has been filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below listed CM/ECF participant:

      Mark A. Atkinson, Esq. (WVSB #184)
      John-Mark Atkinson, Esq. (WVSB #12014)
      ATKINSON & POLAK, PLLC
      P.O. Box 549
      Charleston, WV 25322-0549

                               */s/ Drannon L. Adkins*
                                 Wendy E. Greve, WV State Bar No. 6599
                                 Drannon L. Adkins, WV State Bar No. 11384

**PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC**
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 344-0100
Facsimile:    (304) 342-1545
E-Mail:  wgreve@pffwv.com; dadkins@pffwv.com